Herbert J. Stern
Stephen M. Plotnick
**STERN & KILCULLEN, LLC**
75 Livingston Avenue
Roseland, NJ 07068
973.535.1900
*Attorneys for Defendant Raytheon Company*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., <br><br> Plaintiff, <br><br> -v- <br><br> RAYTHEON COMPANY and ROCKWELL COLLINS, INC. <br><br> Defendants. | Civil Action No. 08-cv-03952-SRC-MAS <br><br> Honorable Stanley R. Chesler <br><br> **ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL OF RAYTHEON COMPANY** |

Defendant Raytheon Company ("Defendant" or "Raytheon"), with its headquarters located at 870 Winter Street, Waltham, Massachusetts, 02451, by and through its undersigned attorneys, hereby answers the Complaint of plaintiff Honeywell International Inc. ("Plaintiff" or "Honeywell"), upon knowledge with respect to its own acts, and upon information and belief as to all other matters, as follows:

## ANSWER

### I. PARTIES

1(a).   Upon information and belief, Raytheon admits that Honeywell is a Delaware corporation with its headquarters located at 101 Columbia Road, Morris Township, New Jersey, 07962. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1(a) of the Complaint.

1(b).   Raytheon admits the allegations of paragraph 1(b) of the Complaint.

1(c).   Upon information and belief, Raytheon admits that Rockwell Collins, Inc. ("Rockwell Collins") is a Delaware corporation with its headquarters located at 400 Collins Road NE, Cedar Rapids, Iowa, 52498. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1(c) of the Complaint.

## II.   PRELIMINARY STATEMENT

2.   Raytheon admits that Plaintiff's claims, though denied, purport to allege restraint of trade and conspiracy to monopolize. Raytheon denies the remaining allegations set forth in paragraph 2 of the Complaint.

3.   Raytheon admits that it submitted a proposal in response to Solicitation No. N00019-07-R-0044 (the "RFP") for the System Development and Demonstration ("SDD") phase of the Joint Precision Approach and Landing System ("JPALS") program. Upon information and belief, Raytheon admits that Honeywell also submitted a proposal in response to the RFP. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of the Complaint.

4.   Raytheon admits that it entered into a Teaming Agreement (the "Teaming Agreement") with Rockwell Collins relative to JPALS, the terms of which speak for themselves. Raytheon denies the remaining allegations set forth in paragraph 4 of the Complaint.

5.   Raytheon admits that Plaintiff purports to bring its claims pursuant to Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2. Raytheon denies the remaining allegations set forth in paragraph 5 of the Complaint.

## III.   JURISDICTION AND VENUE

6.   Raytheon admits that Plaintiff purports to bring its claims pursuant to Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26. Raytheon admits that, pursuant to 28 U.S.C. §§ 1331 and 1337, this Court has jurisdiction over claims arising under Sections 1 and 2 of the Sherman Act, 15

U.S.C. §§ 1 and 2, and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26. Raytheon denies the remaining allegations set forth in paragraph 6 of the Complaint.

7. Raytheon admits that it transacts business and is found in this district. Raytheon admits that Plaintiff's allegations, though denied, are sufficient to support venue in this district. Raytheon denies the remaining allegations set forth in paragraph 7 of the Complaint.

### IV. FACTUAL BACKGROUND

8. Upon information and belief, Raytheon admits that the United States military and other federal agencies solicit offers for contracts for the procurement of property or services. Upon information and belief, Raytheon admits that federal agencies soliciting offers for contracts for the procurement of property or services specify the property or services they seek to procure, and award a contract after evaluating any offer(s). Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of the Complaint.

9. Upon information and belief, Raytheon admits the allegations set forth in paragraph 9 of the Complaint.

10. Upon information and belief, Raytheon admits that the JPALS program is a joint program of the Army, Navy, and Air Force for an aircraft approach and landing system based on Global Positioning System ("GPS") technology, and that it includes both sea-based systems and land-based systems. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint.

11. Upon information and belief, Raytheon admits that the JPALS program is expected to involve 7 increments. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint.

12. Upon information and belief, Raytheon admits that the JPALS program included a technology development ("TD") phase, the terms, purpose and objectives of which are set forth in the operative JPALS program documents, which speak for themselves. Raytheon denies the remaining allegations set forth in paragraph 12 of the Complaint.

13. Raytheon admits that paragraph 13 of the Complaint purports to quote from the Defense Acquisition Guidebook. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the Complaint.

14. Upon information and belief, Raytheon admits that the Navy funded risk reduction and architecture work pursuant to a contract referred to as a "Broad Agency Announcement" ("BAA"), the terms, purpose and objectives which are set forth in the operative BAA documents, which speak for themselves. Raytheon denies the remaining allegations set forth in paragraph 14 of the Complaint.

15. Upon information and belief, Raytheon admits that the Naval Air Systems Command ("NAVAIR") issued the RFP, the terms of which speak for themselves. Upon information and belief, Raytheon admits that the RFP was issued following the TD phase and the risk reduction and architecture work conducted pursuant to the BAA. Upon information and belief, Raytheon admits that NAVAIR issued a Systems Requirements Document ("SRD") and Statement of Objectives ("SOO"), the terms of which speak for themselves. Raytheon denies the remaining allegations set forth in paragraph 15 of the Complaint.

16. Raytheon admits that NAVAIR issued the RFP, the terms of which speak for themselves. Raytheon respectfully refers the Court to the RFP for its complete and actual terms. Raytheon denies the remaining allegations set forth in paragraph 16 of the Complaint.

17. Raytheon admits that NAVAIR issued the RFP, the terms of which speak for themselves. Raytheon respectfully refers the Court to the RFP for its complete and actual terms. Raytheon denies the remaining allegations set forth in paragraph 17 of the Complaint.

18. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Raytheon denies the allegations set forth in paragraph 19 of the Complaint.

4

20. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23. Raytheon admits that it submitted a proposal in response to the RFP. Upon information and belief, Raytheon admits that Honeywell submitted a proposal in response to the RFP. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of the Complaint.

24. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Raytheon admits the allegations set forth in paragraph 25 of the Complaint.

26. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 that the Department of Defense paid Rockwell Collins millions of dollars to fund development costs required to test and upgrade the ARC-210 Gen5 radio for JPALS. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the allegations that the Navy's specifications required the data link equipment to meet TRL 6. Raytheon denies the remaining allegations set forth in paragraph 27 of the Complaint.

28. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Raytheon denies the allegations set forth in paragraph 29 of the Complaint.

30. Raytheon denies the allegations set forth in paragraph 30 of the Complaint.

31. Raytheon admits that it entered into the Teaming Agreement with Rockwell Collins, the terms of which speak for themselves. Raytheon denies the remaining allegations set forth in paragraph 31 of the Complaint.

32. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33. Raytheon admits that it entered into the Teaming Agreement with Rockwell Collins, the terms of which speak for themselves. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 33 of the Complaint.

34. Raytheon denies the allegation that the TRL 6 Data Link as defined in the Complaint was the only radio capable of meeting the specifications of the RFP. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 34 of the Complaint.

35. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 that the Navy identified Honeywell's deferral of the engineering design work required to tailor Honeywell's Prototype to the TRL 6 Data Link as a Substantial Weakness (as those capitalized terms are defined in the Complaint) that posed technical, cost, and schedule risks. Raytheon denies the remaining allegations set forth in paragraph 36 of the Complaint.

37. Raytheon lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38. Raytheon admits that on July 17, 2008 it was awarded a contract pursuant to its response to the RFP. Raytheon denies the remaining allegations set forth in paragraph 38 of the Complaint.

## Claims for Relief

### Count I

### Sherman Act § 1: Agreement in Restraint of Trade

39. Raytheon incorporates its answers to paragraphs 1 through 38 of the Complaint as though set forth at length herein.

40. Raytheon denies the allegations set forth in paragraph 40 of the Complaint.

41. Raytheon denies the allegations set forth in paragraph 41 of the Complaint.

42. Raytheon denies the allegations set forth in paragraph 42, including subparagraphs (a) through (c), of the Complaint.

43. Raytheon denies the allegations set forth in paragraph 43 of the Complaint.

44. Raytheon denies the allegations set forth in paragraph 44 of the Complaint.

45. Raytheon denies the allegations set forth in paragraph 45 of the Complaint.

46. Raytheon denies the allegations set forth in paragraph 46 of the Complaint.

47. Raytheon denies the allegations set forth in paragraph 47, including subparagraphs (a) through (c), of the Complaint.

## Count II

### Sherman Act § 2: Conspiracy to Monopolize

48. Raytheon incorporates its answers to paragraphs 1 through 47 of the Complaint as though set forth at length herein.

49. Raytheon denies the allegations set forth in paragraph 49 of the Complaint.

50. Raytheon denies the allegations set forth in paragraph 50 of the Complaint.

51. Raytheon denies the allegations set forth in paragraph 51 of the Complaint.

52. Raytheon denies the allegations set forth in paragraph 52, including subparagraphs (a) through (c), of the Complaint.

53. Raytheon denies the allegations set forth in paragraph 53 of the Complaint.

54. Raytheon denies the allegations set forth in paragraph 54 of the Complaint.

55. Raytheon denies the allegations set forth in paragraph 55 of the Complaint.

56. Raytheon denies the allegations set forth in paragraph 56 of the Complaint.

57. Raytheon denies the allegations set forth in paragraph 57, including subparagraphs (a) through (c), of the Complaint.

## **AFFIRMATIVE AND OTHER DEFENSES**

Raytheon asserts the following affirmative and other defenses without assuming the burden of proof as to any such defense that would otherwise rest with Honeywell:

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The Complaint is barred, in whole or in part, on the ground that the alleged conduct was procompetitive in nature and will promote, encourage, and increase competition. Raytheon's conduct was reasonable, justified, and privileged.

3. The injuries and damages alleged by Honeywell in the Complaint do not constitute legally cognizable antitrust injuries.

4. The injuries and damages allegedly suffered by Honeywell were not caused by any conduct or act of Raytheon.

5. Any injuries or damages allegedly suffered by Honeywell were caused by Honeywell's own decisions and business judgments in connection with the matters alleged in the Complaint and not by Raytheon's alleged conduct or actions.

6. The conduct alleged in the Complaint is immune from the antitrust laws.

7. The allegations of the Complaint are barred, in whole or in part, by Plaintiff's admissions, the doctrines of res judicata and collateral estoppel, and proceedings before the Government Accountability Office.

8. To the extent that Honeywell seeks damages for any alleged injury that occurred prior to the applicable limitations period, the Complaint is barred, in whole or in part, by the statute of limitations.

9. The allegations of the Complaint are barred, in whole or in part, by the doctrines of waiver, laches, estoppel and unclean hands.

10. Plaintiff is not entitled to injunctive relief because it has an adequate remedy at law.

11. The allegations of the Complaint are barred, in whole or in part, by the doctrine of *in pari delicto*.

12. The allegations of the Complaint are barred by subpart 9.6 of the Federal Acquisition Regulation, 48 C.F.R. subpart 9.6.

13. Honeywell has failed to take reasonable action to mitigate its alleged injuries and damages, if any. Any damages to which Honeywell may be entitled must therefore be reduced accordingly.

14. Honeywell's alleged injuries and damages, if any, are too remote, speculative, uncertain, and/or impossible to ascertain.

15. Honeywell has failed to exhaust its administrative remedies and this court does not have primary jurisdiction.

16. Raytheon hereby reserves the right to assert and/or to amend this Answer to assert additional defenses and affirmative defenses as may be appropriate as discovery proceeds.

### PRAYER FOR RELIEF

**WHEREFORE,** Raytheon respectfully demands the entry of judgment in its favor and against Honeywell as follows:

A. Dismissing the Complaint in its entirety and with prejudice;

B. Awarding Raytheon the costs of defending this action, including its attorneys' fees and expenses; and

C. Granting Raytheon such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Raytheon hereby demands a jury trial on all issues so triable.

Dated: September 18, 2008                    Respectfully submitted,

                                               **STERN & KILCULLEN, LLC**
                                               75 Livingston Avenue
                                               Roseland NJ 07068
                                               973.535.1900
                                               *Attorneys for Defendant Raytheon Company*

                                               By: _____
                                                    Herbert J. Stern
                                                    Stephen M. Plotnick

Of Counsel:

R. Hewitt Pate
David A. Higbee
Ryan Shores
**HUNTON & WILLIAMS LLP**
1900 K Street NW
Washington, DC 20006
202.955.1500

Wesley R. Powell
**HUNTON & WILLIAMS LLP**
200 Park Avenue
New York, NY 10166
212.309.1000

*Attorneys for Defendant Raytheon Company*

11

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that the within matter in controversy is not the subject of any other action pending in any other court, or of any pending arbitration or administrative proceeding, except that upon information and belief Honeywell filed on July 30, 2008 a bid protest pursuant to 4 C.F.R. § 21, *et seq.* before the Government Accountability Office protesting the award of the System Development and Demonstration for the Joint Precision Approach and Landing System contract to Raytheon. Upon information and belief, Honeywell has withdrawn its bid protest.

Dated: September 18, 2008

**STERN & KILCULLEN, LLC**
75 Livingston Avenue
Roseland NJ  07068
973-535.1900
*Attorneys for Defendant Raytheon Company*

By: _____
Herbert J. Stern
Stephen M. Plotnick

Of Counsel:

R. Hewitt Pate
David A. Higbee
Ryan Shores
**HUNTON & WILLIAMS LLP**
1900 K Street NW
Washington, DC  20006
202.955.1500

Wesley R. Powell
**HUNTON & WILLIAMS LLP**
200 Park Avenue
New York, NY  10166
212.309.1000

*Attorneys for Defendant Raytheon Company*