Carlos F. Ortiz, Esq**.**
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, NY  10020-1104
Telephone:  (212) 335-4500
*Attorneys for Defendant Rockwell Collins, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

HONEYWELL INTERNATIONAL INC.,

Plaintiff,

v.

RAYTHEON COMPANY and
ROCKWELL COLLINS, INC.

Defendants.

Civil Action No. 08-cv-03952-SRC-MAS

**DEFENDANT ROCKWELL COLLINS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

The Honorable Stanley R. Chesler

Defendant Rockwell Collins, Inc. ("Collins"), with its headquarters located at 400

Collins Road, NE, Cedar Rapids, Iowa, 52498, for its Answer to the Complaint, hereby

responds to the numbered paragraphs of the Complaint, and in so doing, denies each and

every allegation of the Complaint except as specifically stated.

**DEFENDANT ROCKWELL COLLINS, INC.'S ANSWER**

**I.      The Parties**

1.      (a)      Collins lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 1(a) of the Complaint,

except that Collins admits, upon information and belief, that Plaintiff Honeywell

International, Inc. ("Honeywell") is a Delaware corporation; that Honeywell has its

headquarters in Morris Township, New Jersey; and that Honeywell is a supplier of aerospace technology and services.

(b)     Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1(b) of the Complaint, except that Collins admits, upon information and belief, that Defendant Raytheon Co. ("Raytheon") is a Delaware corporation; that it has its headquarters in Waltham, Massachusetts; and that Raytheon is a defense contractor.

(c)     Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1(c) of the Complaint, except that Collins admits that it is a Delaware corporation with its headquarters at 400 Collins Road NE, Cedar Rapids, Iowa, 52498 and that it is a provider of radio data link products to the military.

## II.     Preliminary Statement

2.     Collins denies the allegations contained in paragraph 2 of the Complaint.

3.     Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, except that Collins admits that Raytheon submitted a proposal in response to Solicitation No. N00019-07-R-0044 (the "RFP") for the System Development and Demonstration ("SDD") phase of the Joint Precision Approach and Landing System ("JPALS") program and Collins admits, upon information and belief, that Honeywell also submitted a proposal in response to the RFP.

4.     Collins denies the allegations contained in paragraph 4 of the Complaint, except that Collins admits that it entered into a teaming agreement with Raytheon relating to the JPALS program.

5.      Collins denies the allegations contained in paragraph 5 of the Complaint, except that Collins admits that Honeywell purports to bring its claims pursuant to Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2.

### III.    Jurisdiction and Venue

6.      Collins denies the allegations contained in paragraph 6 of the Complaint, except that Collins admits that Honeywell purports to bring this action under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26.  The second sentence of paragraph 6 sets forth a legal conclusion to which no response is required.

7.      Collins denies the allegations contained in paragraph 7 of the Complaint, except that Collins admits that it transacts business in this district.   The statement that venue is proper pursuant to Sections 4 and 12 of the Clayton Act, 15 U.S.C. §§ 15 and 22, and 28 U.S.C. § 1391(b) and (c), is a legal conclusion to which no response is required.

### IV.    Factual Background

8.      Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.      Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.     Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except that Collins admits, upon information and belief, that the JPALS program is a joint program of the Army, Navy, and Air Force for an aircraft approach and landing system based on Global Positioning System technology and that it is intended to permit military aircraft to

land more safely and reliably under all weather conditions on aircraft carriers and at military landing strips.

        11.     Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, except that Collins admits, upon information and belief, that the JPALS program is expected to involve seven increments.

        12.     Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, except that Collins denies that the technology development phase began in 2006.

        13.     Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 except that Collins admits, upon information and belief, that the Department of Defense has defined Technology Readiness Levels as set forth in the table in paragraph 13.

        14.     Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 except that Collins admits, upon information and belief, that the Navy issued a Broad Agency Announcement ("BAA"), the terms of which speak for themselves, and pursuant to which it conducted risk reduction activities and architectural work.

        15.     Collins denies the allegations contained in paragraph 15 of the Complaint, except that Collins admits, upon information and belief, that Naval Air Systems Command ("NAVAIR") issued the RFP, the terms of which speak for themselves.  Collins also admits, upon information and belief, that NAVAIR issued a Systems Requirements Document (SRD) and a Statement of Objectives (SOO), the terms of which speak for themselves.

        16.     Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, except that Collins admits,

4

upon information and belief, that NAVAIR issued the RFP, the terms of which speak for themselves.

17.    Collins denies the allegations contained in paragraph 17 of the Complaint except that Collins admits, upon information and belief, that NAVAIR issued the RFP, the terms of which speak for themselves.

18.    Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.    Collins denies the allegations contained in paragraph 19 of the Complaint.

20.    Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.    Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.    Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.    Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, except that Collins admits that Raytheon submitted a proposal in response to the RFP.  Collins admits, upon information and belief, that Honeywell also submitted a proposal in response to the RFP.

24.    Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, except that, upon information and belief, Collins admits that Honeywell was part of a JPALS team that included Boeing, Sierra Nevada Corporation and QinetiQ.

25.    Collins admits the allegations contained in paragraph 25 of the Complaint.

26.     Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, except that Collins admits that a data link facilitates communication of information between the aircraft and ship or other landing area regarding their relative locations.

27.     Collins denies the allegations contained in paragraph 27 of the Complaint, except that Collins admits, upon information and belief, that NAVAIR issued the RFP, the terms of which speak for themselves.

28.     Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29.     Collins denies the allegations contained in paragraph 29 of the Complaint.

30.     Collins denies the allegations contained in paragraph 30 of the Complaint.

31.     Collins denies the allegations contained in paragraph 31 of the Complaint, except that Collins admits that it entered into a teaming agreement with Raytheon relating to the JPALS program.

32.     Collins denies the allegations contained in paragraph 32 of the Complaint.

33.     Collins denies the allegations contained in paragraph 33 of the Complaint, except that Collins admits that it entered into a teaming agreement with Raytheon relating to the JPALS program.

34.     Collins denies the allegations contained in paragraph 34 of the Complaint, except that Collins admits that it quoted catalog pricing for the RT-1851A(C) Warrior to a member of Honeywell's JPALS team.

35.     Collins denies the allegations contained in paragraph 35 of the Complaint, except that Collins admits that Thomas Tilden was a principal account manager for Rockwell Collins Government Systems and was a party to certain

6

communications, including e-mails on July 23 and 26, 2007, the text of which speak for themselves.

36.     Collins denies the allegations contained in paragraph 36 of the Complaint, except that Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations that the Navy identified Honeywell's deferral of the engineering design work allegedly required to tailor Honeywell's Prototype to the TRL 6 Data Link as a Substantial Weakness that posed technical, cost, and schedule risks.

37.     Collins denies the allegations contained in paragraph 37 of the Complaint, except that Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the contents of Honeywell's proposal, including the nature of Honeywell's cost structure, cost estimates or related assumptions.

38.     Collins lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, except that Collins admits that, pursuant to the proposal it submitted in response to the RFP, Raytheon was awarded a contract on July 17, 2008.

## PLAINTIFF'S CLAIMS FOR RELIEF

### Count 1 – Sherman Act § 1: Agreement in Restraint of Trade

39.     Collins incorporates by reference its answers to paragraphs 1-38 of the Complaint.

40.     Collins denies the allegations contained in paragraph 40 of the Complaint.

41.     Collins denies the allegations contained in paragraph 41 of the Complaint.

42.     Collins denies the allegations contained in paragraph 42 and each of its sub-paragraphs (a) – (c).

43.     Collins denies the allegations contained in paragraph 43 of the Complaint.

44.     Collins denies the allegations contained in paragraph 44 of the Complaint.

45.     Collins denies the allegations contained in paragraph 45 of the Complaint.

46.     Collins denies the allegations contained in paragraph 46 of the Complaint.

47.     Collins denies the allegations contained in paragraph 47 and each of its sub-paragraphs (a) – (c).

### Count 2 – Sherman Act § 1: Conspiracy to Monopolize

48.     Collins incorporates by reference its answers to paragraphs 1-47 of the Complaint.

49.     Collins denies the allegations contained in paragraph 49 of the Complaint.

50.     Collins denies the allegations contained in paragraph 50 of the Complaint.

51.     Collins denies the allegations contained in paragraph 51 of the Complaint.

52.     Collins denies the allegations contained in paragraph 52 and each of its sub-paragraphs (a) – (c).

53.     Collins denies the allegations contained in paragraph 53 of the Complaint.

54.     Collins denies the allegations contained in paragraph 54 of the Complaint.

55.     Collins denies the allegations contained in paragraph 55 of the Complaint.

56.     Collins denies the allegations contained in paragraph 56 of the Complaint.

57.     Collins denies the allegations contained in paragraph 57 and each of its sub-paragraphs (a) – (c).

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses to Plaintiff's Complaint, Collins states as follows:

## FIRST DEFENSE

Plaintiff's alleged claims are barred, in whole or in part, because Plaintiff has failed to exercise reasonable care and diligence to mitigate its alleged damages, if any.

## SECOND DEFENSE

Plaintiff's alleged claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

## THIRD DEFENSE

Plaintiff's alleged claims are barred, in whole or in part, because Plaintiff has failed to exhaust its administrative remedies and this Court does not have primary jurisdiction.

## FOURTH DEFENSE

The conduct alleged in the Complaint is immune from the antitrust laws.

## FIFTH DEFENSE

Plaintiff is not entitled to injunctive relief because it has an adequate remedy at law.

## SIXTH DEFENSE

Plaintiff's alleged claims are barred, in whole or in part, by the applicable statutes of limitation.

## SEVENTH DEFENSE

Plaintiff's alleged claims are barred, in whole or in part, by the unclean hands doctrine.

## EIGHTH DEFENSE

Collins adopts and incorporates herein by reference, as if set forth fully herein, all other applicable defenses and affirmative defenses pled by any other defendant not otherwise expressly set forth herein.

## NINTH DEFENSE

Collins presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional yet unstated affirmative or other defenses. Collins reserves the right to assert additional defenses and affirmative defenses in the event discovery indicates that additional defenses or affirmative defenses are appropriate.

WHEREFORE, having fully answered, Defendant Rockwell Collins, Inc. states that Plaintiff is not entitled to the relief prayed for in the Complaint or any other relief and that judgment be entered against Plaintiff and for Defendant.

Respectfully submitted,

Dated:  October 2, 2008                    **DLA PIPER LLP (US)**
                                           1251 Avenue of the Americas
                                           27th Floor
                                           New York, NY  10020-1104
                                           Telephone:  (212) 335-4500

                                           *Attorneys for Defendant Rockwell Collins, Inc.*



                                           By: _____s/ Carlos F. Ortiz_____.
                                               Carlos F. Ortiz



Of Counsel:

Edward B. Schwartz, Esq. (P*ro hac vice motion to be submitted)*
Sara Z. Moghadam, Esq. (*Pro hac vice motion to be submitted)*
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, DC  20004
Telephone:  (202) 799-4000

11

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I hereby certify that the within matter in controversy is not the subject of any

other action pending in any other court, or of any pending arbitration or administrative

proceeding, except that, upon information and belief, plaintiff Honeywell International

Inc. filed, on July 30, 2008, a bid protest pursuant to 4 C.F.R. § 21, *et seq.* before the

Government Accountability Office protesting the award of the System Development and

Demonstration for the Joint Precision Approach and Landing System contract to

Raytheon  Company.  Upon information and belief, Honeywell has withdrawn its bid

protest.


Dated:  October 2, 2008                              **DLA PIPER LLP (US)**
                                                                           1251 Avenue of the Americas
                                                                           27th Floor
                                                                           New York, NY  10020-1104
                                                                           Telephone:  (212) 335-4500

                                                                           *Attorneys for Defendant Rockwell Collins, Inc.*



                                                                           By: _____s/ Carlos F. Ortiz_____.
                                                                                 Carlos F. Ortiz



Of Counsel:

Edward B. Schwartz, Esq. (*Pro hac vice motion to be submitted*)
Sara Z. Moghadam, Esq. (*Pro hac vice motion to be submitted*)
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, DC  20004
Telephone: (202) 799-4000

12

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on this 2nd day of October, 2008, I caused the foregoing

(a) Defendant Rockwell Collins, Inc.'s Answer and Affirmative Defenses and (b) Rule

7.1 Disclosure Statement of Rockwell Collins, Inc. to be served by first-class mail,

postage prepaid to:

> Robert A. Magnanini
> BOIES, SCHILLER & FLEXNER LLP
> 150 John F. Kennedy Parkway, 4th Floor
> Short Hills, New Jersey  07078
>
> Donald L. Flexner
> BOIES, SCHILLER & FLEXNER LLP
> 575 Lexington Avenue, 7th Floor
> New York, New York  10022
>
> Richard A. Feinstein
> Jonathan M. Shaw
> BOIES, SCHILLER & FLEXNER LLP
> 5301 Wisconsin Avenue, NW
> Washington, D.C.  20015
>
> *Attorneys for Plaintiff*
>
> R. Hewitt Pate
> David A. Higbee
> Ryan Shores
> HUNTON & WILLIAMS LLP
> 1900 K Street, NW
> Washington, D.C.  20006
>
> Wesley R. Powell
> HUNTON & WILLIAMS LLP
> 200 Park Avenue
> New York, New York  10166
>
> Herbert J. Stern
> Stephen M. Plotnick
> STERN & KILCULLEN, LLC
> 75 Livingston Avenue
> Roseland, New Jersey  07068
>
> *Attorneys for Defendant Raytheon Company*

 s/ Carlos F. Ortiz
Carlos F. Ortiz
