**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MICHAEL A. SHIPP**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.   ROOM 2042<br>NEWARK, NJ 07102<br>973-645-3827 |

<u>Not for Publication</u>

LETTER OPINION AND ORDER

July 31, 2009

<u>VIA CM/ECF</u>
All counsel of record

    Re:   <u>Honeywell International, Inc. v. Raytheon Company and Rockwell Collins, Inc.</u>
            <u>Civil Action No. 08-3952 (SRC)(MAS)</u>

Dear Counsel:

    This matter comes before the Court by way of Honeywell International, Inc.'s ("Plaintiff") Motion for Leave to File an Amended Complaint. (Doc. No. 26.) Plaintiff asserts that it moves to amend in order to make clear that the core allegations of its Complaint do not depend on a radio labeling distinction. (Pl.'s Moving Br. 4.) Raytheon Company ("Raytheon") and Rockwell Collins, Inc. ("Rockwell")(collectively "Defendants") oppose the motion. For the reasons set forth below, the Court grants Plaintiff's motion.

1.    <u>Background</u>

    According to the initial Complaint, Rockwell Collins controlled the ARC-210 Gen 5 radio, an essential component of aircraft landing technology being acquired by the Navy. (Pl.'s Moving Br. 1.) The Complaint alleges that Rockwell Collins developed and enhanced the ARC-210 Gen 5 radio

in a manner that made it the only existing radio technology that could meet the procurement specifications. *Id.* The Complaint further alleges that Raytheon entered into an exclusive dealing agreement with Rockwell Collins, which denied Honeywell access to the technology that was essential to its ability to effectively compete for the Navy contract. *Id.*

In October 2008, Defendants informed Plaintiff that the "Arc-210 Gen 5" was not used in the successful proposal to the Navy. Rather, Defendants used an "Arc-210 Gen 4" radio data-link. (Pl.'s Moving Br. 2.) At the initial scheduling conference, the Court indicated that phased discovery would be appropriate in this case. When counsel could not agree on a discovery order, Plaintiff filed its motion to amend "[t]o ensure that any discovery will focus on the merits of the actual dispute between the parties[.]" (Pl.'s Moving Br. 4.) According to Plaintiff, the proposed amendments make clear that the core allegations of the Complaint do not depend upon the "'Gen 4/Gen 5' distinction advanced by the Defendants." *Id.*

The Defendants claim that Plaintiff filed the instant motion because "it is floundering and searching for a case." (Def.'s Opp'n Br. 2.) Defendants assert that Plaintiff seeks to amend the complaint to fish for a claim and to avoid dismissal. (Def.'s Opp'n Br. 1.)

2.  Discussion

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The grant or denial of leave to amend is a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit has adopted a particularly liberal approach to the amendment of pleadings in order to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chemical Co.*, 921

F.2d 484, 487 (3d Cir. 1990). Thus, "[a] general presumption exists in favor of allowing a party to amend its pleadings." *Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 576 (D.N.J. 2002). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Leave to amend may only be denied if the Court finds: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the non-moving party; or (4) futility of amendment. *Id.* Defendants oppose the motion primarily on the grounds of bad faith. (Def.'s Opp'n Br. 10.) Defendants also oppose the motion on the grounds of undue prejudice, although Defendants argue that a defendant need not even show prejudice where there is bad faith. (Def.'s Opp'n Br. 14-15.) The Court does not find either bad faith or undue prejudice underlying the facts of the present case.

    a.    <u>Bad Faith</u>

The question of bad faith requires that the Court focus on the plaintiff's motives for not amending its complaint earlier. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). "[D]elay can itself be evidence of bad faith justifying denial of leave to amend." *Id.* (citing 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1488 at 443-44 (1971)). If the Court finds bad faith, the amendment should be denied, without regard to the issue of prejudice. *Phillips v. Borough of Keyport*, 179 F.R.D. 140, 149 n.8 (D.N.J. 1998)(citing *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981)).

Defendants allege the Plaintiff's motion is an attempt to conduct a "fishing expedition." (Def.'s Opp'n Br. 13.) Defendants state that Plaintiff is not even sure if it has a case and that Plaintiff requires discovery in order to determine whether it can develop a different theory of the case. (Def.'s Opp'n Br. 12.) Defendants cite to a December 4, 2008 letter from Plaintiff's counsel to the Court.

(Def.'s Opp'n Br. 11.) The December 4, 2008 letter states that Plaintiff wanted to "***discover*** what other radio had the necessary technological and performance capabilities required by the Navy for the RFP, and ***if any***, whether it was controlled by Rockwell Collins, offered to the Navy, and withheld from [Plaintiff] pursuant to the alleged conspiracy." *Id.* (emphasis added by Defendants). Defendants assert that the quoted phrase demonstrates Plaintiff's "amend now and figure it out later approach." *Id.*

Defendants also assert that there is no good-faith basis for Plaintiff's proposed amendment. (Def.'s Opp'n Br. 13.) Defendants allege that the Plaintiff lost the battle on phased discovery and believed its Complaint to be on the road to dismissal. (Def.'s Opp'n Br. 10.) Therefore, Defendants assert that Plaintiff filed the motion to amend in order to avoid dismissal. Defendants also contend that Plaintiff's bad faith is demonstrated because "[Plaintiff] had no new information when it filed its Motion". (Def.'s Opp'n Br. 13.) Defendants further contend that removing the specificity of the Complaint "and bringing a different, more vague antitrust claim" would be incompatible with the Supreme Court's ruling in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Id.* at 13 n.6.

Plaintiff asserts that it filed the motion to amend in a timely manner and has not acted in bad faith. (Pl.'s Moving Br. 5.) Plaintiff asserts that it filed its motion to amend the complaint after only slightly more than one month after Defendants first raised the issue of the label used for the radio data-link. *Id.* The Plaintiff also asserts that it did receive new information on which it based its motion to amend. (Pl.'s Reply Br. 2.) Plaintiff notes that Defendants sought and obtained an extension on the motion briefing schedule in order to review the Navy Record which demonstrated that Rockwell Collins could only sell Honeywell its "standard products or services." (Pl.'s Reply Br. 6.)

Plaintiff contends that Defendants took the quoted statement from its December 4, 2008 letter out of context. Plaintiff states that the December 4, 2008 letter was based upon the proposed discovery order of Defendants which provided, "the Arc-210 Gen 5 radio was not the ***only*** radio that . . . could have been used in response to the RFP". (Pl.'s Reply Br. 12.)

The Court is not persuaded by the Defendants' allegations of bad faith. The Court is also not convinced that Plaintiff's December 4, 2008 letter was meant to imply that Plaintiff was not sure as to whether or not it had a case. In addition, the facts in this case indicate that the Plaintiff did receive new information since it filed its complaint. The Court finds that Plaintiff's proposed amended complaint is not incompatible with the Supreme Court's ruling in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Rather, the proposed amended complaint comports with *Twombly*. The complaint in *Twombly* failed to survive the motion to dismiss because it did not show the necessary factual elements of the claim under the Sherman Act that would give rise to a plausible claim. *Twombly,* 550 U.S. at 554-56. In the present case, even though the proposed amended complaint removes the distinction between the GEN-5 and GEN-4 radio data-link, the complaint is clear as to the alleged factual elements of the claim. Moreover, the proposed amended complaint meets the bar set by *Twombly* by stating a claim, "with enough factual matter (taken as true) to suggest that an agreement was made." *Id.* at 556. Finally, the Court finds that there have been no substantial changes to the theory of the case, which remains the same as stated in the original complaint.

    b.    <u>Prejudice</u>

Undue prejudice to the opposing party is a consideration in assessing a motion for leave to amend. *Foman*, 371 U.S. at 182. Defendants contend that expanded discovery would "force the defendants to spend millions of dollars, disrupt their business operations, and disclose their most

5

highly confidential documents. . . ." (Def.'s Opp'n Br. 15.) However, this case is in the earliest stage of litigation. No substantial formal discovery has commenced thus far. The Court finds that the grant of leave would not unduly prejudice the Defendants' case. In addition, the Court is equipped to handle the concerns of Defendants within the context of the litigation.[1]

3.  Conclusion

For the reasons discussed above, Plaintiff's Motion to Amend is GRANTED. Plaintiff must file its amended complaint by August 10, 2009.

          s/ Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] A grant of leave to amend in this case would not foreclose the Court from controlling the discovery process to address burdensomeness issues. In addition, a grant of leave would not prohibit the Court from issuing a phased discovery order.